

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 18cr 10436 |
|  | ) |  |
| v. | ) | Violation: |
|  | ) |  |
| AHMEDELHADI YASSIN | ) | Count One: Tampering with a Witness |
| SERAGELDIN, | ) | (18 U.S.C. § 1512(b)(3)) |
| a/k/a AHMED SERAGELDIN, | ) |  |
| Defendant | ) | Forfeiture Allegation: |
|  | ) | (18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. |
|  | ) | § 2461(c)) |
|  | ) |  |

## INDICTMENT

### INTRODUCTORY ALLEGATIONS

1.     Ahmedelhadi Yassin Serageldin, also known as Ahmed Serageldin
("SERAGELDIN"), is a 65-year-old man who lives in Sharon, Massachusetts. SERAGELDIN
was born in Egypt and became a naturalized U.S. citizen in or around 1995.

2.     Raytheon Company is a private company headquartered in Waltham,
Massachusetts, that specializes in the development and manufacture of missile defense,
electronic warfare, military weapons, and cybersecurity technology.  Raytheon is a "cleared
defense contractor," which means that the company is cleared to work on classified matters with
the United States military.

3.     SERAGELDIN began working for Raytheon Company in or about August 1997
and worked at its Massachusetts offices as a systems engineer until approximately in or about
May 2017.  Raytheon assigned SERAGELDIN to work on several of its defense contracts for the
United States government that involved military radar technology.

## GENERAL ALLEGATIONS CONCERNING RAYTHEON'S
## INVESTIGATION OF SERAGELDIN

4.     To perform his job, SERAGELDIN had access to documents pertaining to the United States' national defense, which consisted of information that was controlled under the International Traffic in Arms Regulations and contained classified information. To work on U.S. military projects involving classified information, SERAGELDIN possessed a Secret-level security clearance, which he obtained in or about 1997.

5.     On or about April 10, 2017, Raytheon's Ethics Office notified the company's Global Security Services unit that they were investigating SERAGELDIN for possible time-card fraud. He was suspected of taking off every Friday from January 2017 through the end of March 2017, yet claiming on his time card that he had worked on those dates. By claiming this time, SERAGELDIN caused Raytheon to overcharge the federal government on the contracts on which he worked.

6.     During the time-card fraud investigation, Raytheon analyzed SERAGELDIN's history of electronic downloads on its computer network for any suspicious activity. Raytheon investigators determined that on or about January 29, 2017 and on or about February 25, 2017, SERAGELDIN had downloaded hundreds of documents and downloaded them onto a Western Digital external hard drive in violation of Raytheon's security and document control policies.

7.     As a result, Raytheon began to investigate SERAGELDIN's download activity because it appeared that he might have mishandled sensitive Raytheon information. From the very beginning of this investigation, in or about April 2017, SERAGELDIN sought to mislead Raytheon personnel. SERAGELDIN's misleading conduct continued throughout the company's investigation and until the Federal Bureau of Investigation searched SERAGELDIN's house, vehicle, and person on or about May 3, 2017. SERAGELDIN's misleading conduct included,

2

among other things:

   a. claiming that he was working on company business at home and elsewhere outside the company, and that he was authorized to do so;

   b. misrepresenting why and when he had downloaded Raytheon documents/files;

   c. falsely denying that he possessed an external hard drive or thumb drive and then later making fraudulent and misleading statements about how he had used an external hard drive (a Western Digital external hard drive);

   d. falsely denying that he possessed and retained Raytheon records and documents marked as containing classified information at his residence and failing to notify Raytheon about the numerous records marked classified located at his residence;

   e. delaying his delivery of his Western Digital external hard drive and personal laptop computer to Raytheon investigators, both of which contained information pertaining to his work at Raytheon on United States military programs;

   f. accessing files on, and changing the contents of, a personal Maxell thumb drive despite having been instructed not to do so; and

   g. delaying the delivery of his personal laptop computer to Raytheon so he could conduct research on how to wipe his personal laptop clean.

8. SERAGELDIN knowingly engaged in this misleading conduct with intent to hinder, delay, and prevent Raytheon personnel, and others who were reasonably likely to learn of the facts from Raytheon personnel, from communicating them to a law enforcement officer. This information was, in fact, eventually reported to the Federal Bureau of Investigation.

COUNT ONE
Tampering with a Witness
(18 U.S.C. § 1512(b)(3))

The Grand Jury charges:

9.      The Grand Jury realleges and incorporates by reference the allegations in

paragraphs 1 through 8 above.

10.     On and about January 1, 2017 and continuing through on and about May 3, 2017,

in the District of Massachusetts and elsewhere, the defendant,

AHMEDELHADI YASSIN SERAGELDIN,
a/k/a AHMED SERAGELDIN,

did knowingly engage in misleading conduct toward Raytheon personnel by: claiming that he

was working on company business at home and elsewhere outside the company and that he was

authorized to do so; misrepresenting why and when he had downloaded Raytheon documents

and files; falsely denying that he possessed an external hard drive and thumb drive and then later

making fraudulent and misleading statements about how he had used an external hard drive (a

Western Digital external hard drive); falsely denying that he possessed and retained Raytheon

proprietary information and documents marked as containing classified information at his

residence; delaying the production of his Western Digital external hard drive to Raytheon;

accessing files on, and changing the contents of, his Maxell thumb drive despite having been

instructed not to do so; failing to notify Raytheon about the numerous documents at his residence

that were marked as containing classified information; and delaying the delivery of his personal

laptop to Raytheon so he could research how to delete its contents, all with the intent to hinder,

delay, and prevent the communication to a law enforcement officer of information relating to the

commission and possible commission of a Federal offense, including time-card fraud and

mishandling classified information.

4

All in violation of Title 18, United States Code, Section 1512(b)(3).

## FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

11.    Upon conviction of the offense in violation of Title 18, United States Code,

Section 1512(b)(3), set forth in Count One of this Indictment, the defendant,

### AHMEDELHADI YASSIN SERAGELDIN,
### a/k/a AHMED SERAGELDIN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C),

and Title 28, United States Code, Section 2461(c), any property, real or personal, which

constitutes or is derived from proceeds traceable to the offense.

12.    If any of the property described in Paragraph 11, above, as being forfeitable

pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States

Code, Section 2461(c), as a result of any act or omission of the defendant —

        a.  cannot be located upon the exercise of due diligence;

        b.  has been transferred or sold to, or deposited with, a third party;

        c.  has been placed beyond the jurisdiction of the Court;

        d.  has been substantially diminished in value; or

        e.  has been commingled with other property which cannot be divided without
            difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other

property of the defendant up to the value of the property described in Paragraph 11 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United

States Code, Section 2461(c).

6

A TRUE BILL

_____
FOREPERSON

_____
SCOTT L. GARLAND
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

DISTRICT OF MASSACHUSETTS: NOVEMBER 20, 2018,
Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK

@ 11:58 AM
11/20/18