UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES,

    Plaintiff,

    v.                                                                                              NO. 18-CR-10436-PBS

AHMEDELHADI YASSIN SERAGELDIN,

    Defendant.

ORDER OF EXCLUDABLE DELAY

KELLEY, M.J.

Defendant had an initial appearance on November 20, 2018 and because his retained attorney could not appear in court that day, the case was continued to today, November 21, 2018. Defendant was arraigned. The case is continued to January 25, 2019 at 11:00 a.m. for a final status conference.

With the agreement of the parties, it is hereby ORDERED that, pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A), the Clerk of this Court enter excludable time for the period from November 20, 2018, up to and including January 25, 2019, in the interests of justice, so that the parties may prepare for trial.[1]

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate judge's order and

                /s/ M. Page Kelley
                M. PAGE KELLEY
                United States Magistrate Judge

---

set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).