

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 12, 2019

George W. Vien
Donnelly, Conroy & Gelhaar, LLP
260 Franklin St., Ste. 1600
Boston, MA 02110

    Re:    <u>United States v. Serageldin</u>
            Criminal No. 18-CR-10436-PBS

Dear Mr. Vien:

    The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Ahmedelhadi Yassin Serageldin, a/k/a Ahmed Serageldin ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    <u>Change of Plea</u>

    Defendant will waive Indictment and plead guilty to Count One of the Superseding Information, which charges willfully retaining national defense information, in violation of 18 U.S.C. § 793(e). Defendant admits that he committed the crime specified in this count and is in fact guilty of it. The U.S. Attorney agrees to, after sentencing, dismiss Count One of the Indictment, which charges obstruction of justice, in violation of 18 U.S.C. § 1512(b)(3).

    2.    <u>Penalties</u>

    Defendant faces the following maximum penalties for Count One, willfully retaining national defense information, in violation of 18 U.S.C. § 793(e): incarceration for 10 years; supervised release for 3 years; a fine of $250,000 or twice the gain or loss, whichever is highest; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Superseding Information.

3. <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines for a violation of 18 U.S.C. § 793(e) is 25:

    a) Defendant's base offense level is 24, because Defendant retained information classified as secret and confidential, and did not retain any top secret information (USSG § 2M3.3), and there are no other offense-specific adjustments.

    b) Defendant's offense level is increased by 2 levels, because he abused a position of trust (USSG § 3B1.3).

    c) Defendant's offense level is increased by an additional 2 levels, because he willfully obstructed and impeded, and attempted to obstruct and impede, the investigation of the offense alleged in Count One (USSG § 3C1.1). The resulting offense level is therefore 28.

    d) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant agrees that the Sentencing Guidelines index USSG § 2M3.3 as the Guideline to be applied to a violation of 18 U.S.C. § 793(e) in the circumstances of this offense, that the calculations specified above are a correct calculation of that Guideline's application to this offense, including the application of USSG § 3B1.3 for his abuse of a position of trust, and the application of USSG § 3C1.1 because he willfully obstructed and impeded, and attempted to obstruct and impede, the investigation of this offense. Defendant reserves the right, however, to make an argument that a below-guideline sentence is appropriate.

Defendant understands that the Court is not required to follow either his or the United States Attorney's calculation, and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant does not clearly accept responsibility for the crimes he is pleading guilty to committing; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

   a) incarceration for 60 months;

   b) a fine within the Guidelines sentencing range as calculated by the parties above, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

   c) 36 months of supervised release;

   d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing;

   e) restitution in an amount to be determined at sentencing; and

   f) forfeiture as set forth in Paragraph 7.

Defendant may argue for any term of incarceration (including probation or no incarceration), any amount of fine (including no fine), and any term of supervised release (including no supervised release), that he chooses.

5. <u>Return of Documents and Files</u>

Defendant will, at the earliest possible time after signing this agreement, use his best reasonable efforts to recover for the United States any classified, proprietary to Raytheon or any other person or entity other than Defendant, and/or export-controlled documents and files that were in his possession or under his control but which the United States did not seize during its searches on May 3, 2017. If Defendant does not fulfill this condition, the U.S. Attorney will be relieved of his obligations to move for a 3-level decrease in his offense level under USSG § 3E1.1, as set forth above in ¶ 3(d), and to make the sentencing recommendation in ¶ 4 above.

6. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) He will not challenge any prison sentence of 71 months or less or any court orders relating to forfeiture, restitution, fines or supervised release. This provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement.

The U.S. Attorney agrees that, regardless of how the Court calculates Defendant's sentence, the U.S. Attorney will not appeal any sentence of imprisonment of 57 months or more.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence (to the extent set forth in subparagraph (b), above) will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence (to the extent set forth in subparagraph (b), above), regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor engaged in misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

7. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following: all documents belonging to Raytheon and all digital storage media that contain documents belonging to Raytheon, whether seized from Defendant on May 3, 2017, or remaining in his possession thereafter.

Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Defendant's offense. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging

instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases Defendant's claims to all documents belonging to Raytheon and all digital storage media that contain documents belonging to Raytheon, seized by, or turned over to, the Federal Bureau of Investigation on or about May 3, 2017.

### 8. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

### 9. Breach of Plea Agreement

Defendant understands that if he breaches any provision of this Agreement, Defendant cannot use that breach as a reason to withdraw his guilty plea. Defendant's breach, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, and would allow the U.S. Attorney to pursue any charges that were, or are to be, dismissed under this Agreement.

If Defendant breaches any provision of this Agreement, the U.S. Attorney would also have the right to use against Defendant any of Defendant's statements, and any information or materials

he provided to the government during investigation or prosecution of his case. The U.S. Attorney would have this right even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Finally, if Defendant breaches any provision of this Agreement, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Scott L. Garland.

Sincerely,

ANDREW E. LELLING
United States Attorney

By: _____
B. STEPHANIE SIEGMANN
Chief, National Security Unit


_____
SCOTT L. GARLAND
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Ahmedelhadi Yassin Serageldin,
a/k/a Ahmed Serageldin
Defendant

Date: 12/13/2019

I certify that Ahmedelhadi Yassin Serageldin, a/k/a Ahmed Serageldin, has read this Agreement and that we have discussed what it means. I believe that he understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
George W. Vien, Esq.
Attorney for Defendant

Date: 12/13/19